BRIAN J. PANISH, California SBN 116060
  panish@psblaw.com
KEVIN R. BOYLE, California SBN 192718
  boyle@psblaw.com
PETER L. KAUFMAN, California SBN 269297
  kaufman@psblaw.com
PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

PHILIP MICHELS, California State Bar No. 57802
  pmichels@michels-lew.com
Law Offices of Michels & Lew
11755 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90025-1540
(310) 444-1200
(310) 444-1211 fax

Attorneys for PLAINTIFFS

# THE UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JEFFERY JOHN HUGHES, individually and as successor-in-interest for decedent JEFFERY HUGHES, and ANNIE RUTH HUGHES, individually and as successor-in-interest for decedent JEFFERY HUGHES,<br><br>          Plaintiffs,<br><br>          v.<br><br>OLYMPUS AMERICA, INC., a New York corporation; OLYMPUS CORPORATION OF THE AMERICAS, a New York corporation; OLYMPUS MEDICAL SYSTEMS CORP., a Japanese corporation; and DOES 1 through 10 inclusive,<br><br>          Defendants. | **COMPLAINT FOR:**<br><br>**(1) PRODUCTS LIABILITY;**<br>**(2) NEGLIGENCE;**<br>**(3) FRAUD – INTENTIONAL MISREPRESENTATION;**<br>**(4) FRAUD – NEGLIGENT MISREPRESENTATION;**<br>**(5) SURVIVAL ACTION;**<br>**(6) WRONGFUL DEATH.**<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

**COMES NOW** Plaintiffs JEFFERY JOHN HUGHES and ANNIE RUTH HUGHES, individually and as successors-in-Interest for decedent JEFFERY HUGHES ("Plaintiffs"), for claims for relief against OLYMPUS AMERICA, INC., a New York corporation, OLYMPUS CORPORATION OF THE AMERICAS, a New York corporation, OLYMPUS MEDICAL SYSTEM CORPORATION, a Japanese corporation, and DOES 1 through 10 inclusive, inclusive, ("Defendants").

## JURISDICTION AND VENUE

1.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and citizens of a state and citizens of a foreign state, and the amount in controversy exceeds the sum or value of seventy-five thousand dollars, exclusive of costs and interest.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).  A substantial portion of the events and omissions giving rise to this lawsuit occurred in this District, and the Court has personal jurisdiction over each of the parties as alleged through this complaint.

## INTRODUCTION AND SUMMARY OF ACTION

3.      Olympus America, Inc., Olympus Corporation of the Americas, and Olympus Medical System Corporation ("Olympus") are in the business of manufacturing and selling medical devices including endoscopes, which are medical devices used in invasive medical procedures within the human body.  In or about 2014, Olympus redesigned one of its endoscopes, the TJF-Q180V Duodenoscope ("Q180V Scope").  The Q180V Scope was designed and intended for repeated and recurrent use in multiple medical procedures, on different patients.  After each use, the Q180V Scope necessarily requires cleaning and disinfecting – known as

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   "reprocessing" – before it can be used on a new patient.  A manufacturer of a medical

2   device like an endoscope, which is going to be used in multiple patients, has an

3   obligation to develop and validate a reprocessing protocol, and to incorporate this

4   protocol into the product's labeling.

5       4.      The product labeling must provide sufficient instructions on how to

6   prepare the device for the next patient use.  The manufacturer must maintain in the

7   Device Master Record and/or design history file as appropriate, documentation of

8   tests that were performed to demonstrate that the instructions are complete and

9   understandable and can reasonably be executed by the user. The device master record

10  must comply with the requirements of 21 CFR 820.181; the design history file must

11  comply with requirements of 21 CFR 820.30(j).  The manufacturer must ensure that

12  the validated reprocessing protocol is disseminated to medical facilities and

13  professionals.

14      5.      Olympus failed to take these critical steps with the redesigned Q180V

15  Scope.  Olympus failed to provide an effective and validated reprocessing protocol

16  for the redesigned Q180V Scope.  Instead, Olympus provided its customers –

17  medical facilities and physicians – with a safety cleaning protocol for an older

18  endoscope, with a significantly different design.  As a result, end-users were not able

19  effectively to sanitize and clean the new redesigned Q180V Scope.

20      6.      As a direct result of Olympus's failure to develop and validate an

21  effective reprocessing protocol for the redesigned Q180V Scope, the end-users

22  exposed multiple patients to potentially contaminated Q180V Scopes.  The end-users

23  rely on the manufacturer of the scope to provide an effective and validated

24  reprocessing protocol.  It was unknown to the end-users that the old reprocessing

25  protocol was not effective in removing all residual body fluids and organic debris

26  from the device after use.  These residual fluids and debris can contain microbial

27  contamination.  When microbial contamination remains on the device, the Q180V

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

3

COMPLAINT

1  Scope is contaminated.  Any patient who underwent a medical procedure with a

2  contaminated Q180V Scope was exposed to serious health risks including severe

3  infection and death.

4        7.    Plaintiffs' decedent JEFFERY HUGHES ("decedent"), who was a minor

5  at all relevant times, was exposed to a contaminated Q180V Scope when he

6  underwent multiple procedures with this device at UCLA Ronald Regan Medical

7  Center between September 2014 and December 2014.  As a result of the exposure to

8  this contaminated device, decedent suffered significant injury and died.

9

10  **PARTIES**

11        8.    Plaintiff JEFFERY JOHN HUGHES (herein "Mr. Hughes") is the

12  surviving father and successor-in-interest of decedent Jeffery Hughes.  As such, Mr.

13  Hughes is one of decedent's successors-in-interest pursuant to *Code of Civil*

14  *Procedure* § 377.11.  Mr. Hughes has executed and filed with this Complaint a

15  declaration under penalty of perjury pursuant to California *Code of Civil Procedure*

16  §377.32.  Plaintiff Mr. Hughes brings this complaint in his capacity as an individual

17  and as successor-in-interest to decedent.  Mr. Hughes is a citizen of the State of

18  California and resides in Los Angeles County, California.

19        9.    Plaintiff ANNIE RUTH HUGHES (herein "Mrs. Hughes") is the

20  surviving mother and successor-in-interest of decedent Jeffery Hughes.  As such,

21  Mrs. Hughes is one of decedent's successors-in-interest pursuant to *Code of Civil*

22  *Procedure* § 377.11.  Mrs. Hughes has executed and filed with this Complaint a

23  declaration under penalty of perjury pursuant to California *Code of Civil Procedure*

24  §377.32.  Plaintiff Mrs. Hughes brings this complaint in her capacity as an individual

25  and as successor-in-interest to decedent.  Mrs. Hughes is a citizen of the State of

26  California and resides in Los Angeles County, California.

27       10.   Mr. Hughes and Mrs. Hughes are herein referred to as "Plaintiffs".

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

4

COMPLAINT

11.   Defendant Olympus America, Inc., (hereafter "Olympus America") is a corporation organized and existing under the laws of the State of New York. Olympus America's principal place of business is 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  Olympus America maintains multiple offices in California, including an office at 10863 Holder Street, Cypress, California.  Among its business activities, Olympus America sells, markets, and services Olympus medical products in the United States, including , including endoscopes including the specific Q180V Scope involved in the subject incident.  At all times relevant to this action, Olympus America has conducted substantial business in California and regularly caused its products to be sold in California.  One specific way in which Olympus America engages in the sales and marketing of its endoscopes in the County of Los Angeles is through its Endoscopy sales group that consists of, but is not limited to, Endoscopy Account Manager Vincent J. Hernandez, Eric Arabit, and Katrina Respicio.  Furthermore, Plaintiffs' claims for relief arise out of a specific conduct committed in the County of Los Angeles, State of California.  Therefore, personal jurisdiction is proper under California Code of Civil Procedure § 410.10 and the Due Process Clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

12.   Defendant Olympus Corporation of the Americas (hereafter "Olympus Corp.") is a corporation organized and existing under the laws of the State of New York.  Olympus Corp.'s principal place of business is 3500 Corporate Parkway, Center Valley, Pennsylvania 18034.  Among its business activities, Olympus Corp. is involved in the distribution, sales, marketing, regulatory management, and services related to Olympus medical products in the United States, including the specific Q180V Scope involved in the subject incident.  At all times relevant to this action, Olympus Corp. has conducted substantial business in California.  Plaintiffs' claims for relief arise out of a specific conduct committed in the County of Los Angeles,

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone  •  310.477.1699 fax

1  State of California.  Therefore, personal jurisdiction is proper under California Code

2  of Civil Procedure § 410.10 and the Due Process Clauses of the Fifth and Fourteenth

3  Amendments to the Constitution of the United States of America.

4       13.    Defendant Olympus Medical System Corporation (hereafter "Olympus

5  Medical") is a foreign corporation organized and existing under the laws of Japan

6  with its principal place of business located at Shinjuku Monolith, 2-3-1 Nishi-

7  Shinjuku, Shinjuku-ku, Tokyo 163-0914, Japan.  Olympus Medical designs,

8  manufactures, assembles, tests, markets, distributes, and sells medical endoscopes,

9  including the specific Q180V Scope involved in the subject incident.  Olympus

10  Medical may be served by and through the Chairman of the Board, Chief Executive

11  Officer, and President of Olympus Medical under Article 10(a) of the Hague Service

12  Convention, to which Japan is a signatory, and as is consistent with California law.

13  In addition, Olympus Medical may be served through Japan's central authority

14  pursuant to Article 5 of the Hague Convention.  At all times relevant herein,

15  Olympus Medical conducted substantial business in California, regularly caused its

16  products to be sold in California, and the claims for relief arise out of a tort

17  committed in California.  Therefore, personal jurisdiction is proper under California

18  Code of Civil Procedure § 410.10 and the Due Process Clauses of the Fifth and

19  Fourteenth Amendments to the Constitution of the United States of America.

20       14.    Defendants Olympus America, Olympus Corp., and Olympus Medical

21  (hereafter, collectively, "Olympus") designed, developed, manufactured, advertised,

22  promoted, marketed, sold and/or distributed the defective Olympus endoscopes

23  throughout the United States.

24       15.    The true names and capacities of Does 1 through 10 are unknown to

25  Plaintiffs.  Plaintiffs are informed and believes and thereon alleges that each of these

26  Defendants are in some way liable for the events referred to in this Complaint and

27  caused damage to Plaintiffs and decedent.  Plaintiffs will amend this Complaint and

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  insert the correct names and capacities of those Defendants when they are

2  discovered.

3      16.    At all times mentioned, each Defendant, including DOES 1 through 10,

4  was the representative, agent, employee, joint venturer, or alter ego of each of the

5  other defendants and in doing the things alleged herein was acting within the scope

6  of its authority as such.

7      17.    Olympus and DOES 1 through 10 are collectively referred to herein as

8  "Defendants."

9

10                              **GENERAL ALLEGATIONS**

11     18.    Olympus manufactures and sells endoscopes to be used repeatedly by

12 medical service providers in endoscopic retrograde cholangiopancreatography

13 procedures ("ERCP"). Specifically, Olympus designs, manufactures, assembles,

14 tests, markets, distributes, promotes, advertises and sells duodenoscopes, a sub-type

15 of endoscope, to be used by medical practitioners for internal and invasive diagnostic

16 and therapeutic procedures within a human's body, such as a person's hepatobiliary

17 and pancreatic systems.

18     19.    Olympus has known that the complex design of its duodenoscopes

19 renders some parts of the medical device extremely difficult to access. As a result,

20 effective cleaning of its duodenoscopes is difficult. Defendants have known that the

21 moving parts of the elevator mechanism within the duodenoscope contain

22 microscopic crevices that may not be reached with a brush, and that residual body

23 fluids and organic debris may remain in these crevices following use. Defendant

24 knew, or should have known, that if these residual fluids contain microbial

25 contamination, multiple patients would be exposed to a serious risk of harm,

26 including lethal infection.

27     20.    In 2014, Olympus completely redesigned the TJF-Q180V

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  Duodenoscope, broadening the range of scope positions in which the device's guide

2  wire can be securely locked.

3     21.    Notwithstanding this complete redesign, Olympus failed to take any

4  action to update the reprocessing protocol for the TJF-Q180V Duodenoscope

5  (hereinafter "Q180V Scope").  Specifically, Defendants failed to: (a) re-evaluate the

6  existing safety and cleaning/disinfection protocols developed for earlier

7  duodenoscope models; (b) research and develop reliable safety and

8  cleaning/disinfection protocols for the Q180V Scope prior to marketing the product;

9  (c) provide purchasers and end-users with effective and validated

10 cleaning/disinfection protocols for the Q180V Scope at the date of sale; (d) recall the

11 Q180V Scope upon realizing that Olympus had not updated the safety and

12 cleaning/disinfection protocols; and (e) provide purchasers and end-users with

13 effective and validated cleaning/disinfection protocols for the Q180V Scope at any

14 time after the date of sale.

15     22.    Even before the redesign and subsequent sale and marketing of the

16 Q180V Scope, Defendants were on notice that Defendants' endoscope devices were

17 difficult to clean and, as such, that they posed health risks to patients exposed to the

18 devices.  In 2013, Olympus was informed of infections to patients in the state of

19 Washington involving multiple duodenoscopes from its 160 and 180 series.  At least

20 four patients who were infected as a result of exposure to contaminated

21 duodenoscopes died.

22     23.    Despite the harm that can result from inadequately disinfected Q180V

23 Scopes, Defendants negligently, recklessly, and with conscious disregard of the

24 extreme risks to the public of serious infection, pain, suffering, and death,

25 aggressively marketed and sold the Q180V Scope to medical service providers across

26 the United States and in California, including the University of California at Los

27 Angeles (UCLA) Ronald Reagan Medical Center (hereafter "UCLA Hospital"),

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   claiming that the product was a safe and effective device, that could be recurrently
2   and invasively used in multiple patients for ERCP procedures.

3       24.     A manufacturer of a medical device like an endoscope, which is going
4   to be used in multiple patients, has an obligation to develop and validate an effective
5   reprocessing protocol, and then to disseminate the protocol to medical facilities and
6   professionals.

7       25.     Defendants knew that end-users of the Q180V Scope relied on the
8   manufacturer to provide effective and validated reprocessing protocols necessary for
9   the safe operation of the Q180V Scope.  Defendants intended and expected the
10  Q180V Scope to be used invasively by medical service providers, in multiple
11  patients across the United States.  Defendants sold the Q180V Scope to the UCLA
12  Hospital with that intention and expectation.

13      26.     The UCLA Hospital complied with the reprocessing protocols provided
14  by Defendants in its operation and use of the Q180V Scopes it purchased from
15  Defendants.  The UCLA Hospital complied with the reprocessing protocols provided
16  by Defendants because Defendants represented those protocols as adequate and
17  effective for the safe use and operation of the Q180V Scope.

18      27.     The reprocessing protocols provided by Defendants, to be used in the
19  operation of their Q180V Scope, were inadequate.  Despite complying with the
20  protocols which Defendants provided, and which Defendants instructed the UCLA
21  Hospital to implement, multiple patients, including Plaintiffs' decedent, were infected
22  with a highly drug-resistant bacteria.  Specifically, as a direct and proximate result of
23  an ERCP procedure using Defendants' Q180V Scope, each of these individuals,
24  including Plaintiffs' decedent, were infected with lethal drug-resistant bacteria.

25      28.     As a direct and proximate result of Defendants' failure to update the
26  reprocessing protocols for the Q180V Scope, and of their fraudulent marketing and
27  sale of the device as safe and effective, multiple individuals, including Plaintiffs,

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  have suffered extraordinary pain and suffering, incurring both general and special

2  damages to be proven at trial.

## FIRST CLAIM FOR RELIEF

## PRODUCTS LIABILITY SOUNDING IN NEGLIGENCE

### (By Plaintiffs as Successors-In-Interest for decedent JEFFERY HUGHES, Against All Defendants)

29.  Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if fully set forth here.

30.  Defendants designed, manufactured, promoted, distributed, marketed, and sold the Q180 V Scope.

31.  At all times material hereto, the Q180V Scope, that was designed, manufactured, promoted, distributed, marketed, and sold by the Defendants, was expected to reach, and did reach, physicians and consumers, including Plaintiffs and decedent, without substantial change to the condition in which it was sold.

32.  At all times material hereto, the Q180V Scope that was designed, manufactured, promoted, distributed, marketed, and sold by the Defendants, was in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce.  Such condition included, but is not limited to, one or more of the following particulars:

a.  When placed in the stream of commerce, the Q180V Scope was designed in such a manner that it required a specific reprocessing protocol to render it safe for re-use in subsequent procedures on new patients. Olympus failed to provide an effective and validated reprocessing protocol for the Q180V Scope, thus rendering it unsafe for its intended use, and subjecting Plaintiff and others to risks;

b.  The reprocessing protocol associated with the Q180V Scope was insufficiently tested, rendering that reprocessing protocol unsafe and, thus, rendering

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   the Q180V Scope defective; and

2           c.      Olympus failed to develop an effective and validated reprocessing

3   protocol for the completely redesigned Q180V Scope, thus rendering the device

4   defective.

5           d.      The Q180V Scope has a unique design that renders it susceptible

6   to microbial contamination no matter how the device is cleaned, thereby rendering

7   the Q180V scope defectively designed.

8       33.    Defendants knew or should have known of the dangers associated with

9   the use of the Q180V Scope, as well as the fact that the existing reprocessing

10  protocol was insufficient to disinfect the newly redesigned Q180V Scope.

11  Notwithstanding this knowledge, Defendants continued to manufacture, sell,

12  distribute, promote and supply the Q180V Scope so as to maximize sales and profits

13  at the expense of the health and safety of the public.  Defendants took these actions

14  in conscious disregard of the foreseeable harm caused by the Q180V Scope, and in

15  conscious disregard for the rights and safety of consumers such as decedent.

16      34.    Decedent's physicians used the Q180V Scope as directed for its intended

17  purpose.

18      35.    At all times herein mentioned, the Q180V Scope was defective, and

19  Defendants knew that it was to be used without inspection for defects in the

20  reprocessing protocol.  Moreover, neither the Plaintiffs, decedent, nor decedent's

21  physician knew, or had reason to know, at the time of the use of the subject products,

22  of the existence of the aforementioned defects.  Neither Plaintiffs, decedent, nor

23  decedent's physicians could have discovered the defects in the Q180V Scope through

24  the exercise of reasonable care.

25      36.    The Q180V Scope had not been materially altered or modified prior to

26  its use in decedent.

27      37.    As a direct and proximate result of Defendants' negligence, decedent

28

1   suffered significant damages and injuries that ultimately resulted in his death.

3   ## SECOND CLAIM FOR RELIEF

4   ## NEGLIGENCE

5   **(By Plaintiffs as Successors-In-Interest for decedent JEFFERY HUGHES,**

6   **Against All Defendants)**

7   38.     Plaintiffs hereby incorporate by reference all preceding paragraphs of

8   this Complaint as if fully set forth here.

9   39.     Defendants had a duty to exercise reasonable care in the design,

10  manufacture, testing, marketing and distribution into the stream of commerce of the

11  Q180V Scope, including a duty to ensure that the Q180V Scope did not pose a

12  significantly increased risk of adverse events.

13  40.     Defendants failed to exercise reasonable care in the design,

14  manufacture, testing, marketing and distribution into the stream of commerce of the

15  Q180V Scope.  Defendants knew, or should have known, that the Q180V Scope

16  required a new reprocessing protocol unique to the Q180V Scope design and one

17  which was effective and validated.  Defendants knew that, if inadequately cleaned,

18  the Q180V Scope posed a significant risk of contamination, giving rise to infection,

19  and causing injury, pain, suffering, debilitation and subsequent medical treatment,

20  with the attendant risks of serious injury or death, and therefore was not safe for use

21  on decedent or by decedent's physicians.

22  41.     Despite the fact that Defendants knew or should have known that the

23  Q180V Scope lacked an adequate, effective and validated reprocessing protocol,

24  which was suited to the device's new design and, that if inadequately cleaned, the

25  Q180V Scope posed a significant risk of contamination, giving rise to infection, and

26  causing pain and suffering, debilitation and subsequent medical treatment, with the

27  attendant risks of serious injury or death, Defendants continued to market the Q180V

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1 Scope as a safe and effective device.

2      42.    In so doing, the Defendants failed to act as a reasonable manufacturer

3 and distributer of duodenoscopes.

4      43.    As a direct and proximate result of Defendants' negligence, decedent

5 suffered significant damages and injuries that ultimately resulted in his death.

6

7                        **THIRD CLAIM FOR RELIEF**

8              **FRAUD - INTENTIONAL MISREPRESENTATION**

9      **(By PLAINTIFFS, individually and as Successors-In-Interest for decedent**

10              **JEFFERY HUGHES, Against All Defendants)**

11      44.    Plaintiffs hereby incorporate by reference all preceding paragraphs of

12 this Complaint as if fully set forth here.

13      45.    Defendants owed legal duties to decedent, decedent's physicians, and

14 Plaintiffs to disclose important material facts concerning the safety of the Q180V

15 Scope and the adequacy of the reprocessing protocol for the Q180V Scope, to ensure

16 it was disinfected and safe for reuse.

17      46.    Defendants made false representations to Plaintiffs, decedent, and/or

18 decedent's physicians concerning the safety of the Q180V Scope and the risks

19 associated with the reprocessing protocol for the Q180V Scope.  Specifically,

20 Defendants intentionally, knowingly, or recklessly without regard for the truth,

21 misrepresented that the reprocessing protocol associated with the Q180V Scope was

22 a safe and adequate means of cleaning and disinfecting the Q180V Scope.

23 Defendants falsely represented that the Q180V Scope would be disinfected and safe

24 for subsequent use in a new patient after undergoing cleaning pursuant to the

25 reprocessing protocol.  Defendants made those false representations in an effort to

26 mislead consumers into purchasing the Q180V Scope and using it for medical

27 procedures, so that Defendants could profit.  Through their agents, Defendants

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

13
COMPLAINT

1  directly communicated these misrepresentations to decedent and/or decedent's

2  physicians who were decedent's fiduciaries.

3      47.     Olympus sales representatives, specifically Vincent J. Hernandez, Eric

4  Arabit and Katrina Respicio, made the representations described above to physicians

5  and staff at UCLA Hospital between July 2014 and January 2015.

6      48.     At no time prior to the use of Defendants' Q180V Scope in decedent did

7  Defendants acknowledge that the reprocessing protocol provided to UCLA Hospital

8  had not been validated and proven effective in disinfecting the redesigned Q180V

9  Scope.

10     49.     Defendants' representations to decedent and/or decedent's physicians

11 were false because in reality the reprocessing protocol was not effective to

12 adequately disinfect the Q180V Scope for re-use in a new patient.  As such, the

13 Q180V was unsafe for use. Defendants' reprocessing protocol did not eliminate all

14 bodily fluids and organic debris from prior use, thereby rendering the Q180V Scope

15 susceptible to microbial contamination.  Defendants' reprocessing instructions did

16 not prepare the Q180V Scope for safe re-use.

17     50.     Defendants intended medical professionals, including decedent's

18 physicians, and patients to rely on the Defendants' the important material

19 representations regarding the safety of the Q180V and adequacy of the reprocessing

20 protocol.

21     51.     Decedent and decedent's physicians reasonably relied on Defendants'

22 misrepresentations to Plaintiffs' and decedent's detriment.  Decedent's physicians

23 used a previously-used Q180V Scope on Plaintiff only after attempting to clean and

24 disinfect the Q180V Scope following Defendants' reprocessing protocol.  Following

25 the reprocessing, Plaintiffs, decedent, and decedent's physicians believed the Q180V

26 Scope was safe for use on decedent when, in fact, it was contaminated with bacteria.

27     52.     As a direct and proximate result of Plaintiffs', decedent's, and decedent's

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   physicians' detrimental reliance on Defendants' false representations, decedent was

2   injured, thereby causing harm and damage to decedent and Plaintiffs.

3

4                          **FOURTH CLAIM FOR RELIEF**

5              **FRAUD - NEGLIGENT MISREPRESENTATION**

6          **(By Plaintiffs, individually and as Successors-In-Interest for decedent**

7                  **JEFFERY HUGHES, Against All Defendants)**

8       53.    Plaintiff hereby incorporates by reference all preceding paragraphs of

9   this Complaint as if fully set forth here.

10      54.    Defendants owed legal duties to decedent, decedent's physicians, and

11  Plaintiffs to disclose important material facts concerning the safety of the Q180V

12  Scope and the adequacy of the reprocessing protocol for the Q180V Scope in

13  disinfecting the scope to ensure it is safe for reuse.

14      55.    Defendants made false representations to decedent, decedent's

15  physicians, and/or Plaintiffs concerning the safety of the Q180V Scope and the risks

16  associated with the reprocessing protocol for a previously used Q180V Scope.

17  Defendants failed to develop an effective and validated reprocessing protocol for the

18  redesigned Q180V Scope and/or failed to test the existing reprocessing protocol on

19  the Q180V Scope and/or failed to adequately investigate prior complaints by medical

20  facilities of contamination of Defendants' scopes, despite the fact that these devices

21  had been reprocessed in accordance with the recommended protocol.  Nevertheless,

22  Defendants falsely represented that the Q180V Scope would be disinfected and safe

23  for subsequent use in a new patient after administration of the reprocessing protocol.

24  Defendants made those false representations in an effort to encourage consumers to

25  purchase and use the Q180V Scope for medical procedures, so Defendants could

26  profit.  Through their agents, Defendants directly communicated these

27  misrepresentations to decedent and/or decedent's physicians who were decedent's

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  fiduciaries.

2      56.    Olympus sales representatives, specifically Vincent J. Hernandez, Eric

3  Arabit and Katrina Respicio, made the representations described above to physicians

4  and staff at UCLA Hospital between July 2014 and January 2015.

5      57.    At no time prior to the use of Defendants Q180V Scope in decedent did

6  Defendants acknowledge that the reprocessing protocol provided to UCLA Hospital

7  had not been validated and proven effective in disinfecting the redesigned Q180V

8  Scope.

9      58.    Defendants' representations to decedent, decedent's physicians, and/or

10  Plaintiffs were false because in reality the reprocessing protocol was not effective to

11  adequately disinfect the Q180V Scope for re-use in a new patient. As such, the

12  Q180V was unsafe for use. Defendants' reprocessing protocol did not eliminate all

13  bodily fluids and organic debris from prior use, thereby rendering the Q180V Scope

14  susceptible to microbial contamination.  Defendants' reprocessing instructions did

15  not prepare the Q180V Scope for safe re-use.

16      59.    Defendants intended medical professionals, including decedent's

17  physicians, and patients, including decedent, to rely on the Defendants' important

18  material representations regarding the safety of the Q180V and adequacy of the

19  reprocessing protocol.

20      60.    Decedent, decedent's physicians, and/or Plaintiffs reasonably relied on

21  Defendants' misrepresentations to decedent's and Plaintiff's detriment.  Decedent's

22  physicians used a previously-used Q180V Scope on decedent only after attempting to

23  clean and disinfect the Q180V Scope following Defendants' reprocessing protocol.

24  Following the reprocessing, decedent and decedent's physicians believed the Q180V

25  Scope was safe for use on decedent when, in fact, it was contaminated with bacteria.

26      61.    As a direct and proximate result of Plaintiffs, decedent, and/or

27  decedent's physicians' detrimental reliance on Defendants' false representations,

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1  decedent was injured, thereby causing harm and damage to Plaintiffs.

2

3  **FIFTH CLAIM FOR RELIEF**

4  **SURVIVAL ACTION**

5  **(By Plaintiffs as Successors-In-Interest for decedent JEFFERY HUGHES**

6  **Against All Defendants)**

7      62.    Plaintiffs hereby incorporate by reference all preceding paragraphs of

8  this Complaint as if fully set forth here.

9      63.    Decedent was exposed to Defendants' Q180V Scope in December 2014,

10  causing her to suffer fatal injuries.

11      64.    As a legal, direct and proximate result of the intentional, reckless and

12  negligent conduct of Defendants, and each of them, as aforesaid, decedent was

13  injured in his person by the Defendants' product and was alive for an interval of time

14  following her injuries before succumbing to them and dying.

15      65.    Decedent sustained severe injuries to his body that ultimately resulted in

16  his death, and therefore Plaintiffs Mr. Hughes and Mrs. Hughes seek all damages

17  accruing to the decedent in a survival action, pursuant to the California Code of Civil

18  Procedure § 377.34.  All of said damages combine to a sum in excess of the

19  jurisdictional minimum of this Court, including any penalties, punitive or exemplary

20  damages that the decedent would have been entitled to had she lived, with the

21  exception of pain, suffering, disfigurement, which will be stated according to proof,

22  pursuant to Section 425.10 of the California Code of Civil Procedure.

23      66.    Plaintiffs bring the preceding claims for relief – the first through fourth

24  claims herein – on decedent's behalf as his successors-in-interest.

25      67.    Defendants acted with "malice" in that they engaged in despicable

26  conduct in conscious disregard of the rights, safety and welfare of the decedent and

27  the Plaintiffs, thereby entitling the decedent and Plaintiffs to an award of punitive

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

17

COMPLAINT

1   damages pursuant to California Civil Code § 3294.

2       68.   Defendants acted with "malice" by conduct that included, but is not

3   limited to the following:

4         a.   Olympus has known that the complex design of its

5   duodenoscopes renders some parts of the medical device extremely difficult to

6   access.  As a result, effective cleaning of its duodenoscopes is difficult.  Defendants

7   have known that the moving parts of the elevator mechanism within the

8   duodenoscope contain microscopic crevices that may not be reached with a brush,

9   and that residual body fluids and organic debris may remain in these crevices

10  following use.  Defendant knew, or should have known, that if these residual fluids

11  contain microbial contamination, multiple patients would be exposed to a serious risk

12  of harm, including lethal infection.

13        b.   In 2014, Olympus completely redesigned the TJF-Q180V

14  Duodenoscope, broadening the range of scope positions in which the device's guide

15  wire can be securely locked.

16        c.   Notwithstanding this complete redesign, Olympus failed to take

17  any action to update the reprocessing protocol for the TJF-Q180V Duodenoscope

18  (hereinafter "Q180V Scope").  Specifically, Defendants failed to: (a) re-evaluate the

19  existing safety and cleaning/disinfection protocols developed for earlier

20  duodenoscope models; (b) research and develop reliable safety and

21  cleaning/disinfection protocols for the Q180V Scope prior to marketing the product;

22  (c) provide purchasers and end-users with effective and validated

23  cleaning/disinfection protocols for the Q180V Scope at the date of sale; (d) recall the

24  Q180V Scope upon realizing that Olympus had not updated the safety and

25  cleaning/disinfection protocols; and (e) provide purchasers and end-users with

26  effective and validated cleaning/disinfection protocols for the Q180V Scope at any

27  time after the date of sale.

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

d.     Even before the redesign and subsequent sale and marketing of the Q180V Scope, Defendants were on notice that Defendants' endoscope devices were difficult to clean and, as such, that they posed health risks to patients exposed to the devices.  In 2013, Olympus was informed of infections to patients in the state of Washington involving multiple duodenoscopes from its 160 and 180 series.  At least four patients who were infected as a result of exposure to contaminated duodenoscopes died.

e.     Despite the harm that can result from inadequately disinfected Q180V Scopes, Defendants negligently, recklessly, and with conscious disregard of the extreme risks to the public of serious infection, pain, suffering, and death, aggressively marketed and sold the Q180V Scope to medical service providers across the United States and in California, including the University of California at Los Angeles (UCLA) Ronald Reagan Medical Center (hereafter "UCLA Hospital"), claiming that the product was a safe and effective device, that could be recurrently and invasively used in multiple patients for ERCP procedures.

f.     A manufacturer of a medical device like an endoscope, which is going to be used in multiple patients, has an obligation to develop and validate an effective reprocessing protocol, and then to disseminate the protocol to medical facilities and professionals.

g.     Defendants knew that end-users of the Q180V Scope relied on the manufacturer to provide effective and validated reprocessing protocols necessary for the safe operation of the Q180V Scope.  Defendants intended and expected the Q180V Scope to be used invasively by medical service providers, in multiple patients across the United States.  Defendants sold the Q180V Scope to the UCLA Hospital with that intention and expectation.

h.     The UCLA Hospital complied with the reprocessing protocols provided by Defendants in its operation and use of the Q180V Scopes it purchased

COMPLAINT

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

from Defendants.  The UCLA Hospital complied with the reprocessing protocols provided by Defendants because Defendants represented those protocols as adequate and effective for the safe use and operation of the Q180V Scope.

i.      The reprocessing protocols provided by Defendants, to be used in the operation of their Q180V Scope, were inadequate.  Despite complying with the protocols which Defendants provided, and which Defendants instructed the UCLA Hospital to implement, multiple patients, including Plaintiffs' decedent, were infected with a highly drug-resistant bacteria.  Specifically, as a direct and proximate result of an ERCP procedure using Defendants' Q180V Scope, each of these individuals, including Plaintiffs' decedent, were infected with lethal drug-resistant bacteria.

j.      As a direct and proximate result of Defendants' failure to update the reprocessing protocols for the Q180V Scope, and of their fraudulent marketing and sale of the device as safe and effective, multiple individuals, including decedent, have suffered extraordinary pain and suffering, incurring both general and special damages to be proven at trial.

69.    The above-mentioned acts and omissions were authorized and/or ratified by managerial employees of Defendants, and were carried out with the consent of their officers, directors, and/or managing agents.

70.    Because the acts and/or omissions of Defendants were committed in a malicious, unlawful, and/or unreasonable manner, as fully set forth above, causing injury and damage to decedent, and done with a conscious disregard of the rights and safety of decedent, Plaintiffs request the assessment of punitive damages against Defendants in an amount appropriate to punish or set an example of Defendants, and each of them.

///

///

///

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1

### SIXTH CLAIM FOR RELIEF
### WRONGFUL DEATH
**(By Plaintiffs, individually, Against All Defendants)**

71.    Plaintiffs hereby incorporate by reference all preceding paragraphs of this Complaint as if fully set forth here.

72.    Plaintiffs bring this claim for relief based on Defendants' negligence and fraudulent actions, including intentional and negligent misrepresentation, and all other actions described herein.

73.    As a direct and proximate result of Defendants' conduct as alleged herein, the wrongful death of Plaintiffs' minor son, decedent Jeffery Hughes, occurred.

74.    As a direct and proximate result of Defendants' negligence and fraudulent actions, including intentional and negligent misrepresentation, and decedent's death, Plaintiffs have been, and will be, deprived of the love, care, society, affection, comfort, moral support, protection, companionship, guidance, solace, services and support of their son, and have thereby sustained, and will continue to sustain, damages in an amount to be ascertained according to proof.

75.    As a further direct and proximate result of the acts and omissions of Defendants, and the death of Plaintiffs' decedent, Plaintiffs have incurred funeral and related expenses, as well as other expenses, in an amount to be ascertained according to proof.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs demand judgment for the following:

1.   Past medical and incidental expenses, according to proof;

2.   Past and future loss of earnings and/or earning capacity, according to proof;

3.   For funeral and burial expenses, according to proof;

4.   For the deprivation of love, care, society, affection, comfort, moral support, protection, companionship, guidance, solace, services and support of their son, decedent Jeffery Hughes;

5.   Punitive and exemplary damages in an amount to be determined at trial;

6.   Prejudgment and post judgment interest;

7.   Costs to bring this action; and

8.   Such other and further relief as the court may deem just and proper.

DATED: March 19, 2015                    PANISH SHEA & BOYLE LLP


                              By: _____
                                     Peter L. Kaufman
                                     kaufman@psblaw.com
                                     Attorneys for Plaintiff

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3
        Plaintiff hereby demands a trial by jury as to all causes of action.

4

5
DATED: March 19, 2015                    PANISH SHEA & BOYLE LLP

6

7

8
                               By: _____

9
                                       Peter L. Kaufman
                                       *kaufman@psblaw.com*
10
                                       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

COMPLAINT